IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TANEASHA RATCHFORD,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-710-GBW-SRF |

**REPORT AND RECOMMENDATON**

Plaintiff Taneasha Ratchford ("Plaintiff") filed this action on June 17, 2026, alleging violations of her civil rights under 42 U.S.C. § 1983[1] and state law claims. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth below, the court recommends the complaint be DISMISSED as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). The court recommends that Plaintiff's federal claims be dismissed WITH PREJUDICE and the state law claims be dismissed WITHOUT PREJUDICE.

## I. BACKGROUND

Plaintiff brought this suit on June 17, 2026, alleging that police officer John Does 1 and 2 and Dispatcher 1 mishandled their response to a non-emergency call Plaintiff placed on July 24, 2025. Plaintiff, who lives with her parents, informed Dispatcher 1 that her mother subjected her

---

1 When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

to psychological and emotional abuse and asked whether the police could do anything to deescalate the situation. (D.I. 2 at 3) John Does 1 and 2 arrived at Plaintiff's residence and Plaintiff described the alleged verbal abuse to them, including her mother's comment, "Shoo, it stinks in here," made while Plaintiff was cooking. John Doe 1 informed Plaintiff that he could not make an arrest based on her allegations, and he noted that she was not being forced to live in her parents' house. At Plaintiff's request, John Doe 1 spoke to Plaintiff's mother about the purpose of his visit, while John Doe 2 remained outside. (*Id.* at 6) After speaking with Plaintiff's mother, John Does 1 and 2 reiterated that Plaintiff was an adult and did not need to stay in the house. (*Id.* at 7)

Plaintiff submitted complaints against Dispatcher 1 and John Does 1 and 2 to the Governor's office, the Delaware Department of Justice, and the internal affairs office of the police department. (*Id.* at 8-9) In these complaints, Plaintiff described similar interactions with the police responding to her calls reporting verbal and emotional abuse dating back to 2019. Plaintiff also referenced previous complaints she had filed against John Does 3 to 5 and Dispatcher 2 relating to those calls.

On August 8, 2025, Plaintiff's mother told her that she obtained a court order against Plaintiff on July 25, 2025, and police posted a notice on the door of the house on August 7, 2025 in response to the order. (*Id.* at 10) Fearing that she would be forced to move to a shelter, Plaintiff "smoothed things over" with her mother, and her mother called the police and lied that Plaintiff was no longer living at the home. (*Id.*) Later that day, Plaintiff emailed the Chief of Community Relations Department of Safety and Homeland Security, stating her belief that he or the police were retaliating against her because she made a complaint against them. (*Id.*) She received a response that the chief was not retaliating against her and was only trying to address Plaintiff's reports. (*Id.*)

Plaintiff's complaint contains five counts: Count One, Intentional Infliction of Emotional Distress; Count Two, Negligent Infliction of Emotional Distress; Count Three, Violation of Civil Rights, First Amendment; Count Four, Violation of Civil Rights, Fourteenth Amendment; Count Five, Violation of Civil Rights, Deliberate Indifference. (*See generally*, D.I. 2) Plaintiff seeks compensatory and punitive damages from all defendants. (D.I. 2 at 1)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on

an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are

not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment

Plaintiff names the "State of Delaware, Department of Safety and Homeland Security" as a defendant because it "operates and employs the Delaware State Police." (*See* D.I. 2 at 1-2) However, Plaintiff's claims against a state agency are barred by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100, (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781, (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Brooks-McCollum v. Delaware*, 213 Fed.Appx. 92, 94 (3d Cir. Jan. 11, 2007). Accordingly, it is recommended that the complaint against the Delaware Department of Safety and Homeland Security and/or the Delaware State Police be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (iii). *Devary on behalf of B.D. v. Delaware State Police Troop 6*, C.A. No. 17-1782-GMS, 2018 WL 1513024, at *2 (D. Del. Mar. 27, 2018) (dismissing complaint against Delaware State Police as immune from suit).

In addition, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit

against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, Section 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.* Although the complaint does not specify whether John Does 1 to 5 and Dispatchers 1 and 2 are sued in their individual or official capacities, I recommend that the court dismiss with prejudice the claims against those defendants to the extent they are sued in their official capacities for money damages pursuant to 28 U.S.C. § 1915(e)(2)(b)(i) and (iii). *See Gattis v. Phelps*, 344 F. App'x 801, 803-04 (3d Cir. 2009) (citing *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990)).

## B. Municipal Liability

Count V of the complaint, entitled "Deliberate Indifference," challenges the adequacy of the training programs provided to police officers and dispatchers. (D.I. 2 at 20-21) Plaintiff does not clearly identify the defendants against whom Count V is brought. For the reasons discussed at § III.A, *supra*, the State of Delaware, Department of Safety and Homeland Security and the Delaware State Police are immune from suit. Plaintiff also fails to state a claim for municipal liability against defendant New Castle County.

"A municipality may incur liability under [Section] 1983 only when its policy or custom causes a particular constitutional violation." *Marable v. West Pottsgrove Twp.*, 176 F. App'x 275, 282-83 (3d Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1974)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of [Section] 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "To state a claim for failure to train, Plaintiff must show that: (1) the defendant failed to offer some specific training

that would have prevented the deprivation of the plaintiff's constitutional rights and (2) [ ] the defendant's failure to train or supervise employees amounted to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *McGriff v. Quinn*, C.A. No. 21-21-MN, 2021 WL 2905556, at * (D. Del. July 9, 2021) (internal citations and quotations omitted); *see also Grazier v. City of Philadelphia*, 328 F.3d 120, 124 (3d Cir. 2003). Deliberate indifference may be shown "by pleading that county 'policymakers were aware of, and acquiesced in, a pattern of constitutional violations' by county officials." *Brown v. Evans*, C.A. No. 21-651-SB, 2021 WL 4973630, at *5 (D. Del. Oct. 25, 2021) (quoting *City of Canton v. Harris*, 489 U.S. 378, 397 (1989)).

Plaintiff's *Monell* claim against New Castle County is conclusory with no facts to support it. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiff is dissatisfied with the New Castle Country dispatcher and police response on July 24, 2025, alleging that "[d]ispatchers and police officers are supposed to show a high level of empathy, patience, verbal and non-verbal communication skills, emotional intelligence, problem-solving, transparency, and trust to victims of domestic violence and verbal altercations." (D.I. 2 at 20) These vague allegations fail to state a pattern of constitutional violations, let alone a policy or custom attributable to New Castle County. *See Brown*, 2021 WL 4973630, at *5; *see also Dawson v. NJ State Trooper Barracks*, 2011 WL 3653671, at *3 (D.N.J. Aug. 19, 2011) (explaining there can be no constitutional deprivation based on actions that "cannot reach the level of a violation of constitutional magnitude," because "the Constitution is not a manual of etiquette[.]" (internal quotations and citations omitted)). Plaintiff also "does not explain *how* the officers' training was deficient[.]" *Brown*, 2021 WL 4973630, at *5. Therefore, the court

recommends the *Monell* claims against New Castle County be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

### C. Section 1983 Claims

#### 1. Statute of Limitations

I recommend that the court dismiss with prejudice Plaintiff's claims against Dispatcher 2 and John Does 3-5 because those claims are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense, "sua sponte dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 f.3d 1252, 1258 (10th Cir. 2006)). Accordingly, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(b). *Id.*

Claims brought under Section 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued. *See* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Smith*, 236 F. Supp. 3d at 888.

Plaintiff's claims against Dispatcher 2 and John Does 3-5 pertain to encounters with police in 2019 and 2022, and complaints in 2020 and 2021. Plaintiff states that she knew about the actions these Defendants had taken (or had failed to take) that allegedly caused her injury. (D.I. 2 at 11-16) Thus, it is apparent from the face of the complaint that the two-year statute of limitations expired as to these claims before Plaintiff filed the instant suit in June 2026. (D.I. 2) Plaintiff's

request to toll the applicable statute of limitations is unsupported because she does not allege facts plausibly identifying extraordinary circumstances which prevented her from asserting her claims in a timely manner. *See Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000); *see also Davis*, 480 F. Supp. 2d at 760 n.3. As such, Plaintiff's Section 1983 claims are untimely and the claims should be dismissed with prejudice. *See Woody v. New Castle Police Dep't*, C.A. No. 21-1812 (MN), 2022 WL 1202592, at *2-3 (D. Del. Apr. 22, 2022).

Consequently, I recommend that the court dismiss with prejudice Plaintiff's claims against John Does 3 to 5 and Dispatcher 2 as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**2. First Amendment**

Count III of the complaint asserts in conclusory fashion that Plaintiff's First Amendment rights were violated.[2] (D.I. 2 at 18) Although the complaint suggests that Plaintiff's conversation with John Does 1 and 2 grew heated, with both sides interrupting each other, Plaintiff does not identify any governmental act that restricted her speech. *See Sgaggio v. Diaz*, 2023 WL 3568163, at *5 (D. Colo. May 19, 2023) (finding no restriction on protected speech when police officer terminated the plaintiff's phone call); *Xuli Zhang v. Regan*, 2011 WL 1456188, at *3 (E.D. Va. Apr. 14, 2011) ("[I]t is well settled that the First Amendment is not violated when an individual is ordered to stop talking during an officer's otherwise lawful investigation or interrogation.").

To the extent that Plaintiff intends to raise a First Amendment retaliation claim in Count III, she must plead that: (1) she engaged in protected activity; (2) the government responded with

---

[2] Plaintiff discusses only the John Doe defendants in her First Amendment claim at Count III of the complaint. She does not include any allegations against Dispatchers 1 or 2. Having recommended dismissal of the claims against John Does 3 to 5 for the reasons discussed at § III.C 1, *supra*, the court does not address Plaintiff's position that John Does 3 to 5 violated her First Amendment rights.

retaliation; and (3) the protected activity was the cause of the retaliation. *Est. of Smith v. Marasco*, 318 F.3d 497, 512 (3d Cir. 2003). Even assuming Plaintiff's exchange with John Does 1 and 2 constituted protected speech, the complaint does not support an inference that John Does 1 and 2 took any adverse action against Plaintiff because of her speech. Plaintiff lists her numerous complaints and calls requesting action in response to her concerns. (D.I. 2 at 8-9) By Plaintiff's own admission, the police visit to her parents' house on August 7, 2026 was the result of the court order Plaintiff's mother obtained against her, and not the retaliatory conduct of John Does 1 and 2. (*Id.* at 10). Moreover, the complaint alleges no plausible causation between Plaintiff's various complaints and police efforts to enforce the court order obtained by Plaintiff's mother. Accordingly, Plaintiff has not alleged a plausible basis for a First Amendment claim. I recommend that the court dismiss Count III as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**3. <u>Fourteenth Amendment</u>**

In Count IV, Plaintiff asserts that her Fourteenth Amendment rights were violated based on her sex (female) and her race (Black). (D.I. 2 at 19) The court understands Plaintiff to be asserting a violation of the Equal Protection Clause of the Fourteenth Amendment. While courts have recognized that unequal policing based on racial or other suspect classifications can violate the Equal Protection Clause, Plaintiff fails to allege a plausible claim based on this theory. To be plausible, a complaint must allege facts to establish that the plaintiff is "(1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class." *Green v. Chester Upland Sch. Dist.*, 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015), *aff'd sub nom. A.G. v. Chester Upland Sch. Dist.*, 655 F. App'x 125 (3d Cir. 2016). An equal protection claim must also identify purposeful discrimination, which requires a showing

that discriminatory intent was a motivating factor. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014); *see Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1977).

Plaintiff does not allege any facts plausibly establishing the second or third elements of the claim. Generalized allegations that police engaged in different levels of response to her as a female, and in predominantly black and predominantly non-black neighborhoods, lack specificity and fail to assert plausibly the "similarly situated" and "treated differently" elements of an equal protection violation.

Plaintiff also fails to allege the discrimination was purposeful where, as here, she admits that police responded to her call, talked to her, and, at Plaintiff's request, talked to Plaintiff's mother. (D.I. 2 at 4-7) It is not clear what each police officer did or failed to do which amounts to a constitutional violation. I recommend that the court dismiss Count IV as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

### D. Infliction of Emotional Distress Under Delaware Law

In Counts I and II, Plaintiff attempts to bring state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress, respectively. (D.I. 2 at 17-18) Having recommended that the court dismiss Plaintiff's federal claims, I further recommend that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order dismissing this action in the form set forth below.

**ORDER**

At Wilmington this __th day of ____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on September __, 2026 is ADOPTED.

2. The complaint is DISMISSED as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

3. Plaintiff's federal claims are DISMISSED WITH PREJUDICE. Amendment would be futile.

4. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The state law claims are DISMISSED WITHOUT PREJUDICE.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp.. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 25, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE