**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TANEASHA RATCHFORD,

Plaintiff,

v.

STATE OF DELAWARE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, *et al.*,

Defendants.

Civil Action No. 26-710-GBW-SRF

---

# MEMORANDUM ORDER

Presently before the Court are the objections of Plaintiff TaNeasha Ratchford ("Plaintiff") (D.I. 7) to the Report and Recommendation of Magistrate Judge Sherry R. Fallon ("Judge Fallon") (D.I. 6), in which Judge Fallon recommends that Plaintiff's Complaint (D.I. 2) ("Original Complaint") be dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (D.I. 6 at 12). In addition to Plaintiff's objections, Plaintiff filed a proposed Amended Complaint ("Amended Complaint" or "FAC"). (D.I. 7-1). Plaintiff indicates that the FAC is intended to cure the deficiencies identified in Judge Fallon's Report and Recommendation. (D.I. 7 at 9). The Court GRANTS Plaintiff's request to amend the Original Complaint and considers the FAC to be the operative complaint in this case. The Court therefore considers (1) Plaintiff's objections to Judge Fallon's Report and Recommendation to dismiss the Original Complaint and (2) whether the FAC cures the deficiencies Judge Fallon identified. For the reasons set forth below, Plaintiff's objections (D.I. 7) are OVERRULED, and Judge Fallon's Report and Recommendation (D.I. 6) is ADOPTED. Plaintiff's Amended Complaint (D.I. 7-1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. BACKGROUND

Plaintiff initiated this suit on June 17, 2026 (D.I. 2), alleging that police officers John Doe 1 and 2 and Dispatcher 1 mishandled their response to a non-emergency call Plaintiff placed on July 24, 2025. (D.I. 7-1). Plaintiff, who is thirty-six (36) years old (D.I. 1) and lives with her parents, informed Dispatcher 1 that her mother subjected her to psychological and emotional abuse and asked whether the police could do anything to de-escalate the situation. (D.I. 7-1 at 4). Plaintiff indicated that she did not want officers to respond, but Dispatcher 1 said he could not cancel the call. (*Id.* at 5). John Does 1 and 2 arrived at Plaintiff's residence and Plaintiff described the alleged verbal abuse to them, including her mother's comment, "Shoo, it stinks in here," made while Plaintiff was cooking. John Doe 1 informed Plaintiff that he could not make an arrest based on her allegations, and he noted that she was not being forced to live in her parents' house. (*Id.* at 6). At Plaintiff's request, John Doe 1 spoke to Plaintiff's mother about the purpose of his visit, while John Doe 2 remained outside. (*Id.* at 7). After speaking with Plaintiff's mother, John Does 1 and 2 reiterated that Plaintiff was an adult and did not need to stay in the house. (*Id.*).

Plaintiff submitted complaints against Dispatcher 1 and John Does 1 and 2 to the Governor's office, the Delaware Department of Justice, and the internal affairs office of the police department. (D.I. 7-1 at 10-11). In these complaints, Plaintiff described similar interactions with the police responding to her calls reporting verbal and emotional abuse dating back to 2019. Plaintiff also referenced previous complaints she had filed against others police officers relating to those calls. (*Id.* at 11-12).

On August 8, 2025, Plaintiff learned that Plaintiff's mother had obtained a court order against Plaintiff on July 25, 2025, and police posted a notice on the door of the house on August 7, 2025, in response to the order. (D.I. 7-1 at 9). Fearing that she would be forced to move to a shelter, Plaintiff "smoothed things over" with her mother, and her mother called the police and

lied that Plaintiff was no longer living at the home. (*Id.* at 10). Later that day, Plaintiff emailed the Chief of Community Relations Department of Safety and Homeland Security, stating Plaintiff's belief that the chief or the police were retaliating against her because she made a complaint against them. (*Id.*). She received a response that the chief was not retaliating against her and was only trying to address Plaintiff's reports. (*Id.*).

Plaintiff's Original Complaint (D.I. 2) contained five counts: Count One, Intentional Infliction of Emotional Distress; Count Two, Negligent Infliction of Emotional Distress; Count Three, Violation of Civil Rights, First Amendment; Count Four, Violation of Civil Rights, Fourteenth Amendment; Count Five, Violation of Civil Rights, Deliberate Indifference. Plaintiff sought compensatory and punitive damages from all defendants. (*Id.* at 1).

On September 25, 2026, Judge Fallon issued a Report and Recommendation (D.I. 6), recommending that the Court dismiss Plaintiff's Original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for the following reasons:

1. Plaintiff's claims against the State of Delaware, the Delaware Department of Safety and Homeland Security and/or the Delaware State Police, and the "John Doe" and "Dispatcher" defendants ("Individual Defendants"), to the extent they are sued in their official capacities for money damages, are barred by the state's immunity from suit under the Eleventh Amendment. (D.I. 6 at 5).

2. Plaintiff's "Deliberate Indifference" claim against New Castle County for failure to adequately train its police does not state a claim because Plaintiff's vague allegations that the Individual Defendants failed to demonstrate empathy and patience when interacting with Plaintiff did not amount to a constitutional violation. (*Id.* at 7).

3. Plaintiff's claims against Dispatcher 2 and John Does 3-5 pertain to Plaintiff's interactions with police between 2019 and 2022 and Plaintiff's complaints in 2020 and 2021. Thus, Plaintiff's claims against Dispatcher 2 and John Does 3-5 are time-barred by the applicable two-year statute of limitations. (*Id.* at 8).
4. Plaintiff's First Amendment claims fail because (1) Plaintiff does not identify any governmental act that restricted her speech and (2) Plaintiff did not state a claim for retaliation because she failed to allege any retaliatory conduct by police. (*Id.* at 9-10).
5. Plaintiff's Original Complaint fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment because Plaintiff (1) does not allege that she was treated differently than similarly-situated members of an unprotected class and (2) did not allege that any discrimination was purposeful. (*Id.* at 11).
6. The Court should decline to exercise supplemental jurisdiction over Plaintiff's s claims under state law for intentional infliction of emotional distress and negligent infliction of emotional distress if the Court dismisses Plaintiff's federal law claims. (*Id.*).

On October 8, 2026, Plaintiff filed objections to Judge Fallon's Report and Recommendation (D.I. 7) and attached a proposed Amended Complaint ("Amended Complaint" or "FAC") (D.I. 7-1). Plaintiff's FAC identifies only four defendants: New Castle County, John Doe 1, John Doe 2, and Dispatcher 1. The factual allegations of Plaintiff's FAC are substantially the same as those of Plaintiff's Original Complaint (D.I. 2).[1] The FAC contains only three counts. Count One alleges that police officers John Doe 1 and John Doe 2 violated Plaintiff's rights under

[1] The only substantive distinction the Court can identify between the factual allegations in the Original Complaint (D.I. 2) and the FAC (D.I. 7-1) is Plaintiff's addition of argument into the "Factual Allegations" section of the FAC, explaining Plaintiff's beliefs about what the facts show rather than offering any new facts. *See, e.g.*, D.I. 7-1 at ¶¶ 36-38, 57-62.

the Equal Protection Clause of the Fourteenth Amendment by crediting her parents' accounts of their verbal domestic disputes while minimizing Plaintiff's account. (D.I. 7-1 at 14-16). Count Two alleges that New Castle County is liable for "a municipal custom or practice of inadequate handling of domestic and family-abuse calls, including treating emotional and psychological abuse as insignificant, failing to communicate respectfully with persons seeking help, failing to de-escalate family disputes, and failing to respond appropriately when a caller explains that she fears escalation." (*Id.* at 16). Count Three alleges that John Doe 1, John Doe 2, and Dispatcher 1 are liable for intentional infliction of emotional distress in their personal capacities for their interruption and dismissive treatment of Plaintiff's complaints regarding her mother. (*Id.* at 18).

## II. <u>STANDARD OF REVIEW</u>

In reviewing a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part," the Magistrate Judge's findings or recommendations. *Id.* As to those portions of the Report and Recommendation to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III. <u>LEGAL STANDARD</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (governing proceedings *in forma pauperis*).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a Plaintiff proceeds *pro se*, their pleading is liberally construed, and the Plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts that are sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (*per curiam*). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff objects to Judge Fallon's Report and Recommendation (D.I. 6) on seven (7) grounds and proposes the Amended Complaint (FAC) (D.I. 7-1) to cure the deficiencies that Judge Fallon identified. Plaintiff has a right to amend her Original Complaint "once as a matter of course" because no defendant has been served yet. Fed. R. Civ. P. 15(a)(1); *see Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *4 (6th Cir. Jan. 23, 2009) (holding that it was abuse of discretion for the district court to reject an amended complaint filed pursuant to Rule 15(a) on the basis that amendment would be futile). Thus, the Court grants Plaintiff's request to amend her Original Complaint and considers the FAC to be the operative complaint in this case. The Court notes that the FAC comprises substantially identical factual allegations and a subset of legal theories from the Original Complaint. *Compare* D.I. 2 *with* D.I. 7-1. Thus, many of Judge Fallon's recommendations are equally relevant to the FAC, and the Court considers them for the purpose of deciding whether to dismiss the FAC.

Plaintiff's objections to Judge Fallon's Report and Recommendation (D.I. 6) are as follows. *First*, Plaintiff objects to Judge Fallon's characterization of Plaintiff's claims as frivolous to the extent that finding might interfere with Plaintiff's ability to amend her Original Complaint. (D.I. 7 at 2). *Second*, Plaintiff clarifies that she does not assert a First Amendment retaliation theory. (*Id.* at 2-3). *Third*, Plaintiff seeks leave to amend her Original Complaint to remedy the deficiencies related to her retaliation theory (the same theory that Plaintiff disclaims in her second

objection above). (*Id.* at 3-4). *Fourth,* Plaintiff clarifies that her complaint to the internal affairs division of the Delaware State Police on August 11, 2020 is relevant as background and potential pattern evidence. (*Id.* at 4). *Fifth,* Plaintiff contends that her FAC remedies the deficiencies in her Fourteenth Amendment claims because it states more specific allegations that the police officers with whom she interacted discriminated against her in favor of her parents. (*Id.* at 5-6). *Sixth,* Plaintiff seeks leave to amend her Original Complaint as to the "Deliberate Indifference" claim and suggests that the FAC (D.I. 7-1) states her allegations more specifically. (D.I. 7 at 6-7). *Seventh,* Plaintiff highlights the fact that her FAC drops Plaintiff's claims against the State of Delaware and its agents in their official capacities and does not allege any claims arising solely from conduct between 2019 and 2022, so the Eleventh Amendment and statute of limitations concerns that Judge Fallon identified are resolved. (*Id.* at 7-8).

In light of Plaintiff's amendments to her Original Complaint, the Court considers Plaintiff's objections only to the extent they apply to the FAC. Thus, Plaintiff's first objection is moot because the Court has allowed Plaintiff to amend her Original Complaint. Similarly, Plaintiff's second and third objections are no longer relevant because the FAC does not assert a First Amendment cause of action. (*Id.* at 14-19). Additionally, Plaintiff's fourth and seventh objections are merely clarifications to the changes made by the FAC to Plaintiff's Original Complaint. (*Id.* at 4-5, 8). The Court acknowledges those clarifications. Only Plaintiff's fifth and sixth objections are relevant to the allegations in the FAC, so the Court considers them below.

### A. The FAC Fails to State a Claim for Discrimination Under the Fourteenth Amendment's Equal Protection Clause.

Plaintiff objects to Judge Fallon's recommendation that Plaintiff's Fourteenth Amendment claim for discrimination under the Equal Protection Clause be dismissed with prejudice. (D.I. 7 at 5-6). However, Plaintiff does not clarify which of Judge Fallon's conclusions that Plaintiff is

challenging. Plaintiff states that the FAC "supplies greater factual specificity" regarding her allegations, but she does not clarify what greater specificity is added. (*Id.*). All the allegations that Plaintiff cites in the context of her objection, including quotes from John Does 1 and 2 and her father, appear in both the Original Complaint and the FAC. (*Id.*; *see* D.I. 2 at ¶¶ 24, 25, 36; D.I. 7-1 at ¶¶ 33, 34, 51).

Judge Fallon recommended dismissal of Plaintiff's Fourteenth Amendment claim for two reasons. Judge Fallon recognized that a complaint for an alleged violation of the Equal Protection Clause of the Fourteenth Amendment must allege facts to establish that the plaintiff is "(1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) [was] treated differently from members of the unprotected class." *Green v. Chester Upland Sch. Dist.*, 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015), *aff'd sub nom. A.G. v. Chester Upland Sch. Dist.*, 655 F. App'x 125 (3d Cir. 2016). An equal protection claim must also identify purposeful discrimination, which requires a showing that discriminatory intent was a motivating factor. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014); *see Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1977). Judge Fallon concluded that Plaintiff's Original Complaint failed "to assert plausibly the 'similarly situated' and 'treated differently' elements of any equal protection violation." (D.I. 6 at 11). Judge Fallon also concluded that the Original Complaint failed to allege that any discrimination was purposeful. (*Id.*).

The Court agrees with Judge Fallon and finds that the FAC suffers from the same deficiencies as the Original Complaint. Plaintiff asserts in her objection "that race and sex, together with the concrete statements, interruptions, the officers' treatment of her abuse complaint, the contrast between her account and the account accepted from family members, and the prior family-related police encounter, support an inference of purposeful discriminatory treatment."

(D.I. 7 at 6). However, even this conclusory assertion fails to establish how Plaintiff was similarly situated to members of an unprotected class and treated differently. *See Green*, 89 F. Supp. 3d 682, 693. Plaintiff does not allege that her mother is a member of a different racial group or an unprotected class. Nor does Plaintiff allege how members of an unprotected class would have been treated in her situation. The Court further agrees with Judge Fallon's observation that, where Plaintiff alleges "that police responded to her call, talked to her, and, at Plaintiff's request, talked to Plaintiff's mother," (D.I. 7-1 at ¶¶ 17-32), "[i]t is not clear what each police officer did or failed to do which amounts to" purposeful discrimination or a constitutional violation. (D.I. 6 at 11). The Court therefore adopts Judge Fallon's recommendation as to the Original Complaint and further concludes that the Amended Complaint suffers from the same deficiencies. Thus, the Court dismisses Plaintiff's Fourteenth Amendment claim (Claim I of the FAC) with prejudice.

### B. The FAC Fails to State a Claim for Municipal Liability Against New Castle County for Deliberate Indifference or Discriminatory Policy/Custom.

Plaintiff also objects to Judge Fallon's recommendation that Plaintiff's claim against New Castle County for deliberate indifference and/or failure to train should be dismissed with prejudice. (D.I. 7 at 6-7). Again, Plaintiff does not state which of Judge Fallon's underlying conclusions she disputes or why. (*Id.*). Judge Fallon recommended dismissal of Plaintiff's claim because Plaintiff's vague allegations that "[d]ispatchers and police officers are supposed to show a high level of empathy, patience, verbal and non-verbal communication skills, emotional intelligence, problem-solving, transparency, and trust to victims of domestic violence and verbal altercations" failed to plead any constitutional violation, let alone a pattern or a particular failure to train police officers. (D.I. 6 at 6-7). Rather than dispute that conclusion, Plaintiff repeats that allegation in her objection. (D.I. 7 at 6).

The Court agrees with Judge Fallon and finds that the FAC suffers from the same deficiencies as the Original Complaint. While the FAC ties the factual allegations to the claim in a more explicit manner than the Original Complaint, (D.I. 7-1 at ¶¶ 74-81), Plaintiff still does not allege any constitutional violation in her interactions with police. Plaintiff fails to allege facts supporting an inference of discrimination by the county or by individual officers, *see supra* Part IV.B, and Plaintiff does not allege that police deprived her of her life, liberty, property, or any other substantive right. *See Anderson v. Everett Area Sch. Bd.*, 732 F. Supp. 39, 40 (W.D. Pa. 1989) (summarizing rights protected by the Fourteenth Amendment). Absent any allegation of a specific constitutional violation, Plaintiff fails to allege how police officers could have been trained differently to remedy that violation. *See Brown v. Evans,* C.A. No. 21-651-SB, 2021 WL 4973630, at *5 (D. Del. Oct. 25, 2021) (Bibas, J., sitting by designation) ("[Plaintiff] does not explain how the officers' training was deficient"). Thus, the Court agrees with Judge Fallon that Plaintiff's conclusory allegations are insufficient to state a claim of deliberate indifference or failure to train on the part of New Castle County. Therefore, the Court adopts Judge Fallon's recommendation as to the Original Complaint and further concludes that the FAC suffers from the same deficiencies as the Original Complaint. Accordingly, the Court dismisses Claim II of the FAC with prejudice, after finding that it suffers from the same deficiencies as the analogous claim in the Original Complaint.

**C. The Court Declines to Exercise Supplemental Jurisdiction Over the Intentional Infliction of Emotional Distress Claim Under State Law.**

Having dismissed all the federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining claim under state law for intentional infliction of emotional distress (Count III of the FAC) pursuant to 28 U.S.C. § 1367. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

For the reasons stated above, Plaintiff's objections to Judge Fallon's Report and Recommendation (D.I. 7) are OVERRULED, and Judge Fallon's Report and Recommendation (D.I. 6) is ADOPTED. Furthermore, the Court having considered Plaintiff's Amended Complaint (D.I. 7-1) as the operative complaint in this action, Plaintiff's Amended Complaint is DISMISSED.

* * *

WHEREFORE, this 15th day of October 2026, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections (D.I. 7) to Judge Fallon's Report and Recommendation (D.I. 6) are **OVERRULED**.
2. Judge Fallon's Report and Recommendation (D.I. 6) is **ADOPTED**.
3. Plaintiff's Amended Complaint (D.I. 7-1) is **DISMISSED** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).
4. Counts I and II of Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**.
5. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim (Count III of the Amended Complaint) under 28 U.S.C. § 1367. Count III of Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff chooses, she may pursue that claim in state court.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE